RICHARD W. GROPP, complainant,

*v.*

LESTER L. FREEDMAN et al., defendants.

[Decided November 17th, 1931.]

*Mr. Palmer M. Way (Mr. S. Rusling Leap,* of counsel), for the complainant.

*Mr. D. Trueman Stackhouse (Mr. Emerson L. Richards,* of counsel), for the defendants.

INGERSOLL, V. C.

A petition is filed to open the decree heretofore entered in this cause. The petition alleges neglect on the part of counsel in not endeavoring to have the hearing reopened and certain testimony presented to the court, a copy of which is attached to and made a part of the petition.

The opening or vacating of a decree rests in the sound discretion of the chancellor. *Mitchell* v. *Mitchell, 96 N. J. Eq. 29.* "In order to open a decree regularly entered, it is necessary that it appear that the defendant has some good defense, and what that defense is. And to justify a rehearing on the ground of newly discovered evidence, the new matter must, as has been seen, be of such a character that if it had

been heard it would probably have altered the result. A final decree will not be opened to let in a defense where, from the affidavits submitted, it appears that the evidence to sustain such defense would be insufficient to overcome that on which the decree was founded. *Morris* v. *Hinchman, 32 N. J. Eq. 204; Sandford* v. *Wellborn, 85 N. J. Eq. 577, 587.* A rehearing will not be granted * * * if the evidence to be offered is merely cumulative." *1 Kocher's Chancery Practice 405,* citing *McDowell* v. *Perrine, 36 N. J. Eq. 632* and other cases.

An examination of the testimony desired to be offered, together with a reading of the testimony heretofore taken compels me to find that the testimony desired to be offered is not a sufficient justification for the opening of the cause and the granting of a rehearing. The petition will therefore be dismissed.